UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | 1:20-cv-00630-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.　BACKGROUND**

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 5, 2020, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) Plaintiff has not submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 or paid the $400.0 filing fee for this action.

**II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

1

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews").  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP [or *in forma pauperis*]." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.  When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was

frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted).

### III. ANALYSIS

#### A. Three Strikes

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The strikes described in these cases all occurred prior to the filing of the present action on May 5, 2020.

1) Hammler v. Kernan, Civil Case No. 3:18-cv-01170-DMS-NLS (S.D. Cal. Dec. 10, 2018 Order of dismissal for failure to state a claim and as frivolous) (strike one);

2) Hammler v. Hough, Civil Case No. 3:18-cv-01319-LAB-BLM (S.D. Cal. May 24, 2019 Order of dismissal as frivolous and for failure to state a claim) (strike two); and

3)   Hammler v. Hudson, Civil Case No. 2:16-cv-1153-JAM-EFB-P (E.D. Cal. May 17, 2019 Order of dismissal for failure to exhaust administrative remedies) (strike three).[1]

B. **Imminent Danger**

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Cervantes, 493 F.3d at 1053.

In the Complaint, Plaintiff alleges that his psychiatric medication, a gray and white pill, was changed and the new medication, a pink pill, made him sleepy, "hinder[ed] his thoughts," and made him feel cold for up to four hours and sometimes longer. (Complaint, ECF No. 1 at 6 ¶¶ 2, 3.) Psych techs (PTs) at the prison told Plaintiff they would change back the medication, but instead they attempted to give him different pills that varied in color from day to day. Psych techs told Plaintiff they didn't have the gray and white pill to give him and demanded that he take other colors of pills they offered him. Plaintiff stopped taking his medications because he believed he was being given the wrong medication. Plaintiff also discovered he was being given the wrong dosage. An agreement was made with Dr. Elledge, the psychiatrist, that Plaintiff's dosage would be corrected [raised] and only the gray and white pill would be given. However, Plaintiff continued to be given pills of different colors from day to day. Plaintiff alleges that changes in his chemical balance from sometimes doing without his medication could cause long term adverse effects. Plaintiff claims the physical effects from chemical changes are "placing him in imminant [*sic*] danger of becoming inflicted with irreversible physical [ai]lments." (Id. at 18 ¶ 28.) Plaintiff has attached to the Complaint a document titled "Discontinuing antidepressant medications in adults." (ECF No. 1 at 22-34; Exh. A.) The document, copied from an internet website, discusses possible side-effects in adults of discontinuing antidepressant medications.

///

---

[1] See El-Shaddai v. Zamora, No. 13-56104, 2016 WL 4254980 (9th Cir. Aug. 12, 2016) (a case counts as a strike under § 1915(g) if failure to exhaust is evident on the face of complaint).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. Bradford v. Kraus, No. 2:19-CV-1753 DB P, 2020 WL 738554, at *2 (E.D. Cal. Jan. 23, 2020), report and recommendation adopted, No. 219CV1753KJMDBP, 2020 WL 731114 (E.D. Cal. Feb. 13, 2020) (citing see Cervantes, 493 F.3d at 1053.). Plaintiff has not described any side effects he was experiencing from stopping his medications at the time he filed the Complaint. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. Speculation that Plaintiff may experience serious side effects at a later time is insufficient. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Plaintiff has not provided "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Bradford, 2020 WL 738554, at *2 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Although Plaintiff submits evidence that discontinuation of antidepressant medications can cause serious side effects, he has not alleged how long he missed taking his medication or described specific side effects he experienced from the missed doses. Plaintiff's allegations fail to meet the imminent danger exception. Bradford, 2020 WL 738554, at *3 (citing see Hendon v. Kulka, No. 2:14-cv-2581 AC P, 2015 WL 4637962 at *2 (E.D. Cal. Aug. 3, 2015) (finding plaintiff's allegations that he was denied due process and suffered side effects stemming from involuntary medication failed to meet imminent danger exception). Because Plaintiff fails to demonstrate that he meets the imminent danger exception to the three-strikes bar, this court will recommend that Plaintiff be required to pay the $400.00 filing fee for this case if he wishes to proceed with this case

///

///

///

**IV.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be denied leave to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915(g); and

2. Plaintiff be required to pay the $400.00 filing fee in full within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 8, 2020**                          **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE