UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　Defendants. | No. 1:20-cv-00630-DAD-GSA (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND REQUIRING PLAINTIFF TO SUBMIT AN *IN FORMA PAUPERIS* APPLICATION OR PAY THE REQUIRED FILING FEE<br><br>(Doc. No. 5) |

　　　　Plaintiff Allen Hammler is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1.) He has also been deemed a vexatious litigant. (*See* Doc. No. 2.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 8, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff be denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) in this action and that he be required to submit the $400.00 filing fee in full within thirty (30) days. (Doc. No. 5.)[1] The findings and recommendations were served on plaintiff and

---

[1] That recommendation was based upon a finding that plaintiff had suffered three prior strike dismissals and that the allegations of his complaint did not qualify him under the "imminent danger" exception under 28 U.S.C. § 1915(g). (Doc. No. 5.)

1

1  contained notice that any objections thereto were to be filed within fourteen (14) days of service.
2  (*Id.* at 6.)  On May 21, 2020, plaintiff filed timely objections.  (Doc. No. 8.)
3        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the
4  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
5  including plaintiff's objections, the court will adopt in part the findings and recommendations and
6  order plaintiff to either:  1) submit a complete *in forma pauperis* application, along with a
7  certified copy of his prison trust account statement for the 6-month period preceding the filing of
8  the complaint; or 2) pay the $400.00 filing fee in full.
9        In his objections, plaintiff contends that he is in imminent danger of serious physical
10  injury because the prison's failure to provide him with the correct medications caused "a
11  chemical imbalance [which] itself [is] a physical injury."  (Doc. No. 8 at 2.)  This chemical
12  imbalance, plaintiff claims, also causes him to feel "freezing cold even in hot/warm places" and
13  experience muscle spasms, tremors, and impaired vision.  (*Id.* at 3.)  The undersigned concludes
14  that these allegations satisfy the imminent danger exception to the three strikes bar under 28
15  U.S.C. § 1915(g).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that
16  "§ 1915(g) concerns only a threshold procedural question" and that "we should not make an
17  overly detailed inquiry" into whether plaintiff's allegations qualify for the exception); *see also*
18  *Williams v. Paramo*, 775 F.3d 1182, 1189-90 (9th Cir. 2015) ("[T]he limited office of § 1915(g)
19  in determining whether a prisoner can proceed in forma pauperis counsels against an overly
20  detailed inquiry into the allegations that qualify for the exception.").
21        However, plaintiff has failed to demonstrate that he is unable to pay the filing fee.  Under
22  28 U.S.C. § 1915(a), he is first required to show that he is indigent by submitting an application
23  to proceed *in forma pauperis* and a copy of his prison trust account statement.  If he meets this
24  required showing but is otherwise barred because he has brought three or more cases that were
25  dismissed as frivolous, malicious, or for failing to state a claim, then he can nevertheless proceed
26  with the action if he can show he was in imminent danger of serious physical injury at the time he
27  filed the complaint.  28 U.S.C. § 1915(g).  However, plaintiff may not proceed in forma pauperis
28  based solely on a showing that he was in "imminent danger" at the time he filed his complaint

without first addressing § 1915(a)'s requirements.

Accordingly:

1. The findings and recommendations issued on May 8, 2020 (Doc. No. 5) are adopted in part;
2. Within thirty (30) days of service of this order, plaintiff is directed to either:
   a. Submit a complete *in forma pauperis* application, along with a certified copy of his prison trust account statement for the 6-month period preceding the filing of the complaint; or
   b. Pay the $400.00 filing fee in full for this action; and
3. Plaintiff is warned that failure to comply with this order shall result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **June 3, 2020**

UNITED STATES DISTRICT JUDGE