UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                           Plaintiff,<br><br>          v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                           Defendants. | 1:20-cv-00630-DAD-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO RESPOND** |

## I.      BACKGROUND

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 5, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

Plaintiff's allegations in the Complaint describe events occurring at Corcoran State Prison in Corcoran, California, from approximately March 4, 2020 until April 10, 2020.  The Complaint was filed less than a month later on May 5, 2020, causing an inference that Plaintiff could not have exhausted his administrative remedies before filing this lawsuit.

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust before bringing suit.  Booth, 532 U.S. at 741.  From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

## III.    DISCUSSION AND ORDER

Plaintiff states in the Complaint that he submitted a form 602 health care appeal, log number COR-HC-2000026, as an "emergency" appeal on April 1, 2020, expecting that the appeal would be assigned and responded to in five days because it was an "emergency" appeal.  Plaintiff received notice that the appeal was placed in the appeals box on April 1, 2020, but he was not notified whether it was filed as an "emergency" appeal.

To the extent Plaintiff argues that this grievance was improperly processed as a non-emergency appeal, thus rendering the appeals process effectively unavailable, this argument is unavailing.  See Bradford v. Jordan, No. CV 18-6730-SVW (KK), 2019 WL 8160899, at *8 (C.D. Cal. Oct. 9, 2019), report and recommendation adopted, No. CV 18-6730-SVW (KK),

2019 WL 8160686 (C.D. Cal. Dec. 18, 2019), reconsideration denied, No. CV 18-6730-SVW (KK), 2020 WL 3031635 (C.D. Cal. Feb. 13, 2020) (quotation marks omitted).

Title 15, § 3084.9(a)(1) of the California Code of Regulations provides an exception to the normal grievance appeals process for emergency appeals. Id. (citing Cal. Code Regs., tit. 15 § 3084.9(a)(1)) (quotation marks omitted). According to the regulations, an appeal should be processed as an emergency appeal when circumstances are such that the regular appeal time limits would subject the inmate . . . to a substantial risk of personal injury or cause other serious and irreparable harm. Id. (citing id. § 3084.9(a)(1)) (quotation marks omitted). The appeals coordinator determines whether emergency processing is appropriate. Id. (citing see id. § 3084.9(a)(2)-(3)) (quotation marks omitted). If it is determined a grievance warrants emergency appeal processing, the grievance must bypass the first level of review and receive a second level review within five working days. Id.  (citing id. § 3084.9(a)(4)) (quotation marks omitted). However, [i]f the appeals coordinator determines emergency processing is unwarranted, the inmate or parolee shall be notified and the appeal shall be processed pursuant to subsection 3084.5(b)(2), which requires the prisoner be notified that the appeal does not meet the criteria for processing as an emergency appeal and has been either accepted for regular processing or is rejected for the specific reason(s) cited. Id. (quoting id. §§ 3084.9(a)(3), 3084.5) (quotation marks omitted).

To the extent prison officials should have notified Plaintiff his grievance failed to meet criteria for an emergency appeal, id. §§ 3084.9(a)(3), 3084.5, this did not effectively prevent Plaintiff from being able to exhaust administrative remedies. Id. (citing see Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); Hicks v. Kernan, No. C 16-0738 CRB (PR), 2017 U.S. Dist. LEXIS 77562, 2017 WL 2224829, at *5 (N.D. Cal. May 22, 2017) (finding "even if the appeals coordinator here should have determined that plaintiff's appeal was an emergency rather than a non-emergency appeal, this did not prevent or thwart plaintiff from properly exhausting available administrative remedies through the third and final level of review"), appeal dismissed sub nom. Id. (citing Hicks v. Binkele, No. 17-16174, 2017 WL 9512649 (9th Cir. Dec. 22, 2017)) (quotation marks omitted). Plaintiff, therefore, is unable to show how processing his appeal as a

standard grievance amounted to prejudice such that his administrative remedies became unavailable. Id. (citing see Womack v. Bakewell, No. CIV S-09-1431 GEB KJM P, 2010 U.S. Dist. LEXIS 93346, 2010 WL 3521926, at *5 (E.D. Cal. Sept. 8, 2010) ("In plaintiff's case, [a] delay may have signaled an indifference to his condition that might excuse exhaustion under other circumstances, but it did not amount to obstruction of the process to the point it actually became unavailable."); but see Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("We therefore hold, under the circumstances of this case, that the Warden's mistake rendered Nunez's administrative remedies effectively unavailable, and that his failure to exhaust them is excused[.]")) (quotation marks omitted).

Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

### **ORDER TO SHOW CAUSE**

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated:   **July 1, 2020**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE