1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

11   ALLEN HAMMLER,                              1:20-cv-00630-DAD-GSA-PC

12                        Plaintiff,             **FINDINGS AND RECOMMENDATIONS,**
                                                 **RECOMMENDING THAT THIS CASE BE**
13               v.                              **DISMISSED WITHOUT PREJUDICE FOR**
                                                 **PLAINTIFF'S FAILURE TO EXHAUST**
14   STATE OF CALIFORNIA, et al.,                **ADMINISTRATIVE REMEDIES**

15                        Defendants.            **OBJECTIONS, IF ANY, DUE WITHIN**
                                                 **FOURTEEN DAYS**
16

17

18

19

20

21   **I.      BACKGROUND**

22          Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

23   with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 5, 2020, Plaintiff filed the

24   Complaint commencing this action.  (ECF No. 1.)   Plaintiff names ten defendants and  claims

25   that his rights to medical care under the Eighth Amendment were violated when defendants

26   stopped giving him his usual medication and offered him other medications instead.

27          On July 1, 2020, the court issued an order requiring Plaintiff to respond and show cause

28   why this case should not be dismissed without prejudice for his failure to exhaust administrative

remedies before filing suit pursuant to the requirements of the Prison Litigation Reform Act of 1995. (ECF No. 16.) On July 19, 2020, Plaintiff filed a response to the order. (ECF No. 19.) In his response Plaintiff does not discuss whether or not he exhausted his available remedies. Instead, Plaintiff argues that his case should be allowed to proceed because he is in imminent danger of serious harm.

## II.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). However, a prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. Albino v. Baca (Albino I), 697 F.3d 1023, 1031 (9th Cir. 2012).

If it appears clear on the face of the complaint that a plaintiff filed suit prematurely, the case may be dismissed.  Albino v. Baca (Albino II), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino II, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

///

**III.    DISCUSSION**

The court previously found that Plaintiff's allegations in the Complaint satisfied the imminent danger exception to the three strikes bar under 28 U.S.C. § 1915(g), because "the prison's failure to provide [Plaintiff] with the correct medications caused 'a chemical imbalance[which] itself [is] a physical injury.'" (ECF No. 9 at 2:9-15.)  However, "§ 1915(g) concerns only a threshold procedural question," (Id.), and Plaintiff is not excused from the exhaustion requirement because he qualified for the imminent danger exception to the "three strikes" rule,  Jensen v. Knowles, 621 F.Supp.2d 921, 927 (E.D. Cal. 2008).    Prisoners are required to exhaust the available administrative remedies prior to filing suit.  (Jones, 549 U.S. at 211.)  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth, 532 U.S. at 741, and the exhaustion requirement applies to all suits relating to prison life, Porter, 435 U.S. at 532.

Plaintiff's allegations in the Complaint describe events occurring at Corcoran State Prison in Corcoran, California, from approximately March 4, 2020 until April 10, 2020.  The Complaint was filed less than a month later on May 5, 2020, causing an inference that Plaintiff could not have exhausted his administrative remedies before filing this lawsuit.  Plaintiff's failure to exhaust was therefore evident on the face of the Complaint.  Plaintiff was ordered to show cause why this case should not be dismissed without prejudice for failure to exhaust his remedies. Plaintiff did not offer any evidence that he exhausted his remedies or that the exhaustion process was not available to him before he filed suit.  Under these facts this case can be dismissed, without prejudice, for Plaintiff's failure to exhaust remedies prior to filing suit.

**IV.    CONCLUSION AND RECOMMENDATIONS**

The court finds that Plaintiff failed to exhaust his available administrative remedies before filing this case.  Therefore, this case should be dismissed without prejudice.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.    This case be dismissed without prejudice based on Plaintiff's failure to exhaust his available administrative remedies prior to filing suit; and

2.    The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **July 16, 2020**                              **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE